EDWARD C. SINGER, JR. (SBN 226406)
THE LEMBI GROUP LEGAL DEPARTMENT
2099 Market Street
San Francisco, CA 94114
Telephone: (415) 252-4220
Facsimile: (415) 861-2380

Proposed Attorney for Debtors

FILED
APR 23 2010
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In re

Personality Hotels III, LLC

Debtor

Case No. 10-30804-DM11

Chapter 11

**DECLARATION OF EDWARD C. SINGER, JR. IN OPPOSITION TO THE COURT'S ORDER TO SHOW CAUSE WHY A CHAPTER 11 TRUSTEE SHOULD NOT BE APPOINTED**

Date: April 28, 2010
Time: 9:30 a.m.
Place: United States Bankruptcy Court
Courtroom 22
Judge: Dennis Montali

I, Edward C. Singer, Jr., declare:

1. I am an attorney for Personality Hotels III, LLC ("Debtor"). I have personal knowledge of the matters stated in this declaration and would competently testify if called as a witness.

2. The Court has ordered Debtor to either provide have a qualified bankruptcy attorney file an application for employment or show cause why a Chapter 11 trustee should not be appointed. For the reasons set forth below, Debtor requests that the Court set over the hearing on this issue for a short period of time to be discussed at the hearing scheduled for Wednesday, April 28, 2010.

3. Debtor filed this bankruptcy under Chapter 11 of the bankruptcy code on March 10, 2010 under the belief that a third-party investor and Debtor's prepetition lender, Wells Fargo Bank, National Association, in its capacity as Trustee the CRESS 2008-1 Grantor Trust Certificates, Series A ("Lender"), could reach an agreement on the value of the hotels that would allow the Debtor to confirm a consensual Chapter 11 plan. As part of such an agreement, Debtor would have received funds to employ bankruptcy counsel.

4. This week, Debtor learned that Lender has affirmatively rejected the pricing proposed by all third-party investors. Accordingly, Debtor is abandoning its effort to confirm a Chapter 11 plan.

5. In lieu of immediately converting the matter to Chapter 7, Debtor and Lender are discussing a plan to allow Lender to exercise its rights to foreclose on its collateral without terminating operations of the hotels. Such a plan would prevent the sudden lay off of Debtor's employees, disruption to a restaurant located in one of the hotels, and disruption to the current and future guests of the hotels.

6. Lender's attorney, Michael Lubic and I, have not reached a final agreement for a "soft landing," but I expect that the Chapter 11 would remain open for a very short period of time to allow an orderly transition of management to Lender. I intend to present the Court and Trustee with a specific time line for this transition at the hearing set for Wednesday, April 28, 2010.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on April 23, 2010

Edward C. Singer, Jr.



Case: 10-30804 Doc# 44 Filed: 04/23/10 Entered: 04/26/10 08:36:44 Page 2 of 2