Entered on Docket
May 07, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Aron M. Oliner (SBN: 152373)
Geoffrey A. Heaton (SBN: 206990)
**DUANE MORRIS LLP**
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3000
Facsimile: (415) 957-3001
Email: roliner@duanemorris.com

Attorneys for Chapter 7 Trustee
E. LYNN SCHOENMANN

Signed and Filed: May 06, 2010

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>PERSONALITY HOTELS III, LLC,<br><br>Debtor. | Case No. 10-30804<br><br>Chapter 7<br><br>Date: May 4, 2010<br>Time: 11:30 a.m.<br>Place: 235 Pine Street, Courtroom 22<br>San Francisco, California 94104<br>The Honorable Dennis Montali |

### ORDER RE RELIEF FROM STAY AND ABANDONMENT
### OF CERTAIN PROPERTY OF THE ESTATE

The matter having come for hearing in connection with a Stipulation for Relief from Stay ("Stipulation") submitted to this Court for approval by creditor Wells Fargo Bank, National Association, in its capacity as trustee for CRESS 2008-1 Grantor Trust Series A ("Secured Creditor") and the above-captioned debtor ("Debtor"), Michael B. Lubic, Esq., appearing on behalf of Secured Creditor, Edward C. Singer, Esq., appearing on behalf of Debtor, Aron M. Oliner, Esq., appearing on behalf of E. Lynn Schoenmann, Chapter 7 Trustee ("Trustee"), Julie M. Glosson, Esq., appearing on behalf of the Office of the United States Trustee ("UST"), other appearances having been noted on the record, the Court having read and considered the

DM3\1368181.2 R1014/00019
DUANE MORRIS LLP
SAN FRANCISCO
1
ORDER RE RELIEF FROM STAY AND ABANDONMENT
OF CERTAIN PROPERTY OF THE ESTATE – CASE NO. 10-30804
Case: 10-30804  Doc# 66  Filed: 05/06/10  Entered: 05/07/10 18:03:56  Page 1 of 4

proposed Stipulation, pleadings on file, and having heard argument and determining that notice being proper in the circumstances, now makes the following order:

1. <u>Relief from the Automatic Stay</u>. The automatic stay provided for in section 362 of the Bankruptcy Code is terminated as of May 4, 2010, to allow Secured Creditor to pursue any and all of its rights and remedies available under its loan documents or applicable law. Without limiting the generality of the foregoing, the stay is lifted to allow Secured Creditor complete its pending foreclosure sale(s) and, if it so decides, to seek the appointment of a receiver.

2. <u>Immediate Effect</u>. The automatic stay is terminated as of May 4, 2010, regardless of the date of the entry of this Order. The provisions of FRBP 4001(a)(3) are waived.

3. <u>No Possession</u>. The Trustee has not taken possession of, nor shall she or the captioned bankruptcy estate have any responsibility for the operation of the Debtor's hotel properties from the date of her appointment.

4. <u>Abandonment</u>. The Debtor's hotels (including, without limitation, real property, tangible and intangible personal property, rights under contracts and leases, accounts receivable and cash collateral, all to the extent of Secured Creditor's lien rights and subject to paragraph 5) are deemed immediately "abandoned" within the meaning of section 554 of the Bankruptcy Code, as of May 4, 2010.

5. <u>Rights Reserved</u> Notwithstanding the terms of this Order, the Trustee has expressly reserved any and all rights to challenge Secured Creditor's loan documents, or the propriety of Secured Creditor's foreclosure on any reasonable grounds, and subject to any defenses Secured Creditor has or may have. Except for the relief expressly granted in this Order, there is no prejudice to the Trustee or the estate to pursue any such claims or other claims, should they exist, against Secured Creditor.

DM3\1368181.2 R1014/00019

2

**ORDER RE RELIEF FROM STAY AND ABANDONMENT OF CERTAIN PROPERTY OF THE ESTATE - CASE NO. 10-30804**

Duane Morris LLP
San Francisco

Case: 10-30804   Doc# 66   Filed: 05/06/10   Entered: 05/07/10 18:03:56   Page 2 of 4

6. Continued operations of the hotel are not subject to control or review by this Court, nor shall such continuation be the Trustee's or estate's responsibility.

**\*\*\*END OF ORDER\*\*\***

# COURT SERVICE LIST

[Parties are all ECF registered in this case.]